Joanna E. Menillo (No. 154842015)
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(917) 434-2522
joannamenillo@quinnemanuel.com

John O'Sullivan (*pro hac vice* to be submitted)
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880
johnosullivan@quinnemanuel.com

Marie Hayrapetian (*pro hac vice* to be submitted)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
mariehayrapetian@quinnemanuel.com

*Attorneys for Megan Pete*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Motion to Compel Livingston Allen to Comply with Rule 45 Subpoena | **Case No.**<br><br>*Related to Civil Action No. 1:24-cv-24228-CMA (S.D. Fla.)*<br><br>**DECLARATION OF JOANNA E. MENILLO IN SUPPORT OF <u>MOTION TO COMPEL</u>** |

I, Joanna E. Menillo, submit the following declaration in support of the Motion to Compel Livingston Allen in the above-captioned matter.

1

1. I am over the age of 18 and competent to make this declaration. I am an attorney licensed to practice in New Jersey and I am an associate at Quinn Emanuel Urquhart and Sullivan, LLP, counsel for Megan Pete ("Ms. Pete") in the above-referenced related civil action matter. All of the statements made in this declaration are based on my personal knowledge. If called upon to testify to the facts stated herein, I could and would competently do so.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Second Amended Complaint, ECF 37, dated February 10, 2025 filed in the case *Megan Pete v. Milagro Elizabeth Cooper*, Case No. 1:24-cv-24228-CMA (S.D. Fla.).

3. Attached hereto as **Exhibit B** is a true and correct copy of the August 14, 2025 deposition and document subpoena served on Livingston Allen.

4. Attached hereto as **Exhibit C** is a true and correct copy of relevant excerpts from the transcript from the August 22, 2025 deposition of Mr. Allen.

5. Attached hereto as **Exhibit D** is a true and correct copy of a screengrab from an August 2, 2025 online post by Mr. Allen.

6. Attached hereto as **Exhibit E** is a true and correct copy of a screengrab of an online post by Mr. Allen demonstrating that he screen-recorded his deposition.

7. Attached hereto as **Exhibit F** is a true and correct copy of an February 23, 2022 online post by Mr. Allen.

8.  Attached hereto as **Exhibit G** is a true and correct copy of an February 23, 2022 online post by Ms. Cooper.

9.  Attached hereto as **Exhibit H** is a true and correct copy of the transcript from the February 23, 2022 proceedings in *People of California v. Daystar Peterson*, Superior Court of California, Los Angeles County, Case No. BA490599.

10. Mr. Allen appeared for his August 22, 2025 without counsel present and confirmed his willingness to proceed in the absence of counsel. Exhibit C at 12:7–13:8. During that deposition, he was asked to identify the source of the information he published in Exhibit G, but he declined, asserting the journalistic privilege. *Id.* at 312:12–313:10. Following questioning about his basis for asserting the privilege, Mr. Allen asserted that he could not "recall" the identity of that source. *Id.* at 313:11–317:22. At the conclusion of Mr. Allen's deposition, counsel conferred with Mr. Allen on the record about the nature of the privilege and strength of his assertion, and asked if he would reconsider his refusal to answer the question posed. *Id.* at 372:5–373:18. He declined. *Id.* Counsel advised Mr. Allen that the issue concerning his assertion of privilege would be raised with the Court and that he would be provided information concerning those proceedings. *Id.*; *see also id.* at 374:23–375:10.

11. On September 2, 2025, counsel contacted Mr. Allen to schedule a meet and confer concerning the issue of the assertion of journalistic privilege during his

3

deposition and requested that Mr. Allen identify the name and contact information of an attorney, if any, he expected to represent him in connection with this motion. On September 4, 2025, counsel sent a follow up email to Mr. Allen requesting the same information and advising that this motion would be filed imminently in the absence of any such response. Mr. Allen did not respond to either communication. Attached hereto as **Exhibit I** is a true and correct copy of the September 2 and September 4 communications.

12.     On September 4, 2025, Mr. Allen confirmed his receipt of counsel's September 2, 2025 email requesting a meet and confer in a live streamed post with another blogger during which he advised that counsel contacted him to discuss this motion, to which he never responded. Attached hereto as **Exhibit J** is a true and correct copy of the September 4, 2025 post.[1]

13.     Mr. Allen's decision to proceed at deposition in the absence of counsel and his refusal to identify counsel that would represent him in connection with this motion, confirms that Mr. Allen will be proceeding *pro se* in this matter. *See* Local Civil Rule 37(a)(1)-(2) ("Cases in which a party appears pro se shall not be subject to L.Civ.R. 37.1(a)(1)," which requires that "Counsel shall confer to resolve any discovery dispute").

---

[1] The video embedded in that post can be accessed at the following link https://x.com/AkademiksTV/status/196351983368026693.

5

I declare and affirm under penalty of perjury u that the foregoing is true and correct. Executed in White Plains, New York on this 16th day of September, 2025.

*/s/ Joanna Menillo*
Joanna Menillo